Boyko, Appellant, *v.* Mrkonic.

Argued April 13, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*David S. Palkovitz,* with him *Palkovitz & Palkovitz,* for appellant.

*Carl W. Brueck, Jr.,* with him *Carl W. Brueck,* for appellee.

OPINION BY CARR, J., July 17, 1956:

Plaintiff's action in trespass arose from a collision between his automobile which was being operated by one Louise Mogus and an automobile being operated by the defendant. In a non-jury trial, the court rendered a verdict in favor of the defendant and this appeal is from an order of the court below dismissing plaintiff's exceptions, in effect a motion for a new trial.

On Sunday morning, September 18, 1954 Miss Mogus, a sister-in-law of the plaintiff, borrowed his car to drive her mother to church. Upon arriving at the church, she pulled over into the left lane of a two-way street and stopped about six feet from the curb to let her mother out of the car. The defendant, meanwhile, had driven up from the opposite direction and parked near the curb on his right side of the street about one car length in front of plaintiff's car. As Miss Mogus started forward, defendant backed up a few feet to give her more room and as they passed one another they exchanged a friendly greeting. A moment later the left rear fender of plaintiff's car caught on the left end of defendant's rear bumper ripping off the fender. The total damages amounted to eighty and 73/100 ($80.73) dollars.

The plaintiff earnestly contends the evidence conclusively shows that the defendant's automobile was in motion at the moment of impact.

The defendant testified that his car was not in motion at that time and the court below was justified in

believing him. Moreover we cannot say that as a matter of law defendant would have been guilty of negligence even if his car had been in motion. Although the plaintiff attempts to invoke the incontrovertible physical facts rule, the appellate courts of this commonwealth have often held that it does not apply to moving objects. *Ferguson v. Charis,* 314 Pa. 164.

In reviewing the evidence and considering all the facts and reasonable inferences to be drawn therefrom in the light most favorable to the defendant's cause, we cannot say that as a matter of law he was guilty of negligence.

Order affirmed.